17-3428 (L)
*United States v. Cardenas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand nineteen.

Present:
>       AMALYA L. KEARSE,
>       ROBERT D. SACK,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>               *Appellee*,

>       v.                                                      17-3428 (L)
>                                                               17-3450 (Con)

MARIO CARDENAS, JENNIFER CARDENAS,

>       *Defendants-Appellants*.[*]

_____

| | |
|---|---|
| For Appellant Mario Cardenas: | JAMES EDWARD GROSS, Albany, NY. |
| For Appellant Jennifer Cardenas: | LUCAS ANDERSON, Rothman, Schneider, Soloway & Stern, LLP, New York, NY. |
| For Appellee: | PAUL D. SILVER, Assistant U.S. Attorney, *for* Grant C. |

---

[*] The Clerk of Court is respectfully requested to amend the official caption as set forth above.

1

Jacquith, U.S. Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *S.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mario Cardenas ("Mario") and Jennifer Cardenas ("Jennifer") appeal from October 11, 2017 judgments of the Northern District of New York (Scullin, *S.J.*) convicting each of them, after jury trial, of six counts of visa fraud in violation of 18 U.S.C. § 1546(a). On appeal, Mario and Jennifer both argue that (1) the district court's jury instructions constructively amended their indictment; (2) there was a prejudicial variance between the indictment and the evidence presented at trial; and (3) the evidence presented at trial was not sufficient to support the jury's verdict. Jennifer also argues that the indictment failed to allege the "false statement" element of visa fraud. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review claims that there was a constructive amendment of, or prejudicial variance from, an indictment *de novo*. *See United States v. Dove*, 884 F.3d 138, 146, 149 (2d Cir. 2018). To prevail on a constructive-amendment claim and obtain reversal, a defendant must "demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (internal quotation marks omitted). To prevail on a prejudicial-variance claim and obtain reversal, a defendant must (1) "establish that the evidence offered at trial differs materially from

2

the evidence alleged in the indictment"; and (2) show that "substantial prejudice occurred at trial as a result." *Dove*, 884 F.3d at 149 (internal quotation marks omitted).

An element of visa fraud is the making of "any false statement." 18 U.S.C. § 1546(a). Mario and Jennifer's indictment charged them with committing six counts of visa fraud by, in relevant part, making "false statements with respect to material facts in an application," *i.e.*, three "I-821 Application[s] for Temporary Protected Status" and three "I-765 Application[s] for Employment Authorization," in each of which "the defendant affirmed that [he or she] was a citizen of El Salvador born in Metapan, El Salvador, when as [he or she] then well knew [he or she] was a citizen of Guatemala." *See* A-32–36. Mario and Jennifer first argue that the district court constructively amended that indictment by instructing the jury as to each count that "the indictment alleges that the defendant . . . made two false statements. One with regard to his or her citizenship and one with regard to his or her place of birth. . . . [T]he government need only prove that the defendant charged in that count made one of those false statements." A-574. Mario and Jennifer contend that the indictment "cannot be said to have sufficiently alleged" that the defendants "made false statements about [their] country of birth." Jennifer Br. 27; *see* Mario Reply Br. 2. We disagree.

The indictment returned by the grand jury charged both Mario and Jennifer in each count with making "false statements" (plural) and listed two allegedly false statements: that they were "citizen[s] of El Salvador" and "born in Metapan, El Salvador." A-32–36. The court's instructions did not provide any *additional* basis "not considered by the grand jury, upon which the petit jury may have convicted the defendant." *Dove*, 884 F.3d at 146; *see id.* (noting that the "archetypal example of a constructive amendment" is where an "additional element sufficient for conviction" is introduced at trial). Accordingly, there was no constructive amendment of the indictment.

3

Mario and Jennifer next argue that the evidence adduced at trial resulted in a prejudicial variance from the indictment because the evidence showed that they had claimed to have been born in San Salvador, El Salvador, while the indictment alleged that they had claimed to have been born in Metapan, El Salvador. But even if we accepted their view that the difference between the two towns constituted a *variance*, Mario and Jennifer would still have to show that it was *prejudicial*—that is, that it affected their substantial rights. *See United States v. Lee*, 833 F.3d 56, 71 (2d Cir. 2016). In general, so long as an indictment provides a defendant with "notice of the core of criminality to be proven at trial, we have permitted significant flexibility in proof without finding prejudice." *United States v. Kaplan*, 490 F.3d 110, 129 (2d Cir. 2007) (internal quotation marks omitted). The core of criminality "involves the essence of a crime, in general terms; the particulars of how a defendant effected the crime falls outside that purview." *United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012). Here, the indictment put Mario and Jennifer on notice of the core of criminality with which they were accused—committing visa fraud by falsely claiming to be citizens of El Salvador and falsely claiming to have been born in El Salvador. *Cf. id.* at 416, 421–22 (finding no prejudicial variance where indictment specified the use of only one means of interstate commerce, the Internet, but jury instructions allowed jury to convict defendant based on the use of either the Internet *or* the telephone); *cf. also Dove*, 884 F.3d at 149–50 (finding no prejudicial variance where evidence at trial permitted jury to find multiple conspiracies, but indictment described only one conspiracy). Given the notice provided to them by the indictment, we do not think that Mario and Jennifer "could have been surprised by the evidence upon which the government relied at trial." *Dove*, 884 F.3d at 150. We conclude that even if there was a variance, it was not prejudicial.

4

Next, Mario and Jennifer both argue that the trial evidence was insufficient to establish that they knowingly made any false statements. Mario Br. 15–16; Jennifer Br. 31–35. We review claims of insufficient evidence *de novo*, but a "defendant challenging the sufficiency of the evidence bears a heavy burden," as we "draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). Viewed in that light, we must uphold a jury verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, evidence introduced at trial showed, *inter alia*, that (1) Mario and Jennifer were born in Guatemala, *see, e.g.*, A-324–25; (2) Mario and Jennifer were fluent in both spoken and written English, *see, e.g.*, A-323–24; (3) Mario and Jennifer certified, under penalty of perjury, that everything on their temporary protected status ("TPS") applications was true and correct, *see, e.g.*, A-182–83, 196, 206; (4) Mario's and Jennifer's TPS applications stated that they were born in, and citizens of, El Salvador, *see, e.g.*, A-172–78, 210–15; (5) Mario submitted an application to "register permanent residence or adjust [immigration] status" in 2015, in which he listed his country of birth as Guatemala and again certified, under penalty of perjury, that everything on the application was true and correct, *see* A-215–18; (6) the city clerk of Schenectady, New York, had records of Mario's 2008 marriage, which included a signed statement by Mario affirming that he was born in Guatemala, A-417–19; (7) Jennifer personally testified that she was born in Guatemala, A-446, 450–51; and (8) Mario's and Jennifer's El Salvadoran birth certificates were fraudulent, A-284–87. The jury was entitled to credit this (and other) evidence and conclude that Mario and Jennifer knowingly made false statements on their TPS applications. Their sufficiency claim thus fails.

5

Finally, Jennifer argues that the indictment fails to allege a false statement. However, the indictment clearly alleges that she made "*false statements* with respect to material facts in an application," *i.e.*, three "I-821 Application[s] for Temporary Protected Status" and three "I-765 Application[s] for Employment Authorization," in each of which "the defendant *affirmed that she was a citizen of El Salvador born in Metapan, El Salvador*, when as she then well knew she was a citizen of Guatemala." A-32–34 (emphases added). The indictment thus *does* allege that Jennifer made false statements: that she was a citizen of El Salvador and that she was born in El Salvador. Jennifer's argument that it is possible for someone to be a citizen of both Guatemala and El Salvador is irrelevant—the indictment alleges that she made a *false statement* when she stated that she was a citizen of El Salvador (dual or otherwise).

*     *     *

We have considered Mario's and Jennifer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6